IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALICE MARIE OGILVIE, et al.,  No.: 3:15-cv-00214-KRG

        Plaintiffs,

vs.

OMAR TORE, et al.,

        Defendants.

## BRIEF IN SUPPORT OF MOTION FOR RULE 37 SANCTIONS

Defendants, OMAR TORE and ADI SERVICES, INC., by their attorneys, ZIMMER KUNZ, PLLC, file the following Brief in Support of Motion for Rule 37 Sanctions and, in support thereof, aver as follows:

**I.  Factual and Procedural History**

Plaintiffs filed a Complaint in Civil Action alleging that they suffered injuries and damages as a result of a motor vehicle accident. On July 6, 2015, the Defendants forwarded Interrogatories and Requests for Production of Documents to the Plaintiffs. After the passage of more than thirty (30) days without responses from the Plaintiffs, Defendants filed a Motion to Compel and this Honorable Court entered an Order on October 29, 2015 compelling the Plaintiffs to file Answers to these Interrogatories and Requests for Production of Documents within twenty (20) days or suffer further sanctions. A true and correct copy of said Order is attached to Defendants' Motion and marked as Exhibit "A".

On March 4, 2016, a status conference was held at this Honorable Court's request "to discuss the status of the case since it had been transferred to this district and did not appear to be moving forward." See Conference Memorandum, attached to Defendants' Motion and marked as

1310892
6456.2777

Exhibit "B". During this conference, Defendants were directed by the Court to re-send discovery to the Plaintiffs. On March 10, 2016, the Defendants forwarded Interrogatories and Requests for Production of Documents to the Plaintiffs for a second time. A true and correct copy of the letter enclosing these documents is attached to Defendants' Motion and marked as Exhibit "C".

Despite the passage of more than thirty (30) days since this request, Defendants had still not received these Answers to Interrogatories and Responses to Requests for Production of Documents in this matter. Defendants sent a letter to the Plaintiffs on April 11, 2015 warning that a Motion to Compel would be filed if they did not provide the ordered discovery in seven (7) days. A copy of said letter is attached to Defendants' Motion and marked as Exhibit "D". Receiving no response, Defendants' counsel then telephoned Plaintiffs on April 15, 2016, and was informed that these requests would not be provided in a timely manner.

This Honorable Court's scheduling order has set firm deadlines on these parties for the completion of discovery in this matter. A copy of said Order is attached to Defendants' Motion and marked as Exhibit "E". Therefore, Defendants had no choice but to seek this Court's assistance with obtaining these discovery responses in a timely manner, and on April 18, 2016 a Motion to Compel was filed.

On April 27, 2016, this Honorable Court granted Defendants' Motion to Compel and ordered Plaintiffs to "provide **full and complete discovery responses to Defendants within twenty days.**" A copy of said Order is attached to Defendants' Motion and marked as Exhibit "F" (emphasis added). Despite the passage of more than twenty (20) days since this request – and over 317 days since their initial July 7, 2015 request – Defendants have still not received these Answers to Interrogatories and Responses to Requests for Production of Documents in this

matter. In fact, since this Honorable Court's April 27, 2016 Order, Defendants have not received **even a single** document, e-mail, or phone call from either Plaintiff in this matter.

Defendants submit that in order to properly follow the deadlines provided by this Court, it was imperative that Plaintiffs provide these overdue discovery responses within the timeframe that this Honorable Court has already required of them multiple times. Further, Defendants submit that it was necessary for them to receive this information to properly defend themselves in this matter. Finally, Defendants submit that they have suffered extreme prejudice and burden in being forced to expend time, effort, and financial expense in order to actively seek out from Plaintiffs the discovery responses this Honorable Court has required them to provide on multiple occasions.

## II.   Legal Argument

Pursuant to Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." F.R.C.P. 37(a)(1). In this case, such a motion was filed on April 18, 2016, and subsequently granted by this Honorable Court on April 27, 2016. See Exhibit "F".

Rule 37 further provides specific remedies for a party where such failure to obey a court order has occurred:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> > (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court

where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;**
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> **(v) dismissing the action or proceeding in whole or in part;**
>
> **(vi) rendering a default judgment against the disobedient party;** or
>
> **(vii) treating as contempt of court** the failure to obey any order except an order to submit to a physical or mental examination.

\* \* \*

(C) **Payment of Expenses**. Instead of or **in addition** to the orders above, the **court must order the disobedient party**, the attorney advising that party, or both **to pay the reasonable expenses**, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

F.R.C.P. 37(b) (emphasis added).

To date, over 317 days have passed since the Defendants initially sought discovery responses on July 7, 2015. Defendants have still not received these Answers to Interrogatories and Responses to Requests for Production of Documents in this matter. In fact, since this Honorable Court's April 27, 2016 Order, Defendants have not received even a single document, e-mail, or phone call from either Plaintiff in this matter. Plaintiff's failure to comply with Defendants' discovery requests and this Honorable Court's April 27, 2016 Order have caused

these Defendants to suffer extreme prejudice and burden in being forced to expend time, effort, and financial expense in order to actively seek out from Plaintiffs the discovery responses this Honorable Court has required them to provide on multiple occasions. At this point, this Defendant sees no alternative option than respectfully requesting that this Honorable Court apply Rule 37 sanctions and dismiss the case against them, with prejudice, as well as other sanctions that this Honorable Court deems appropriate.

## III. Conclusion

For the foregoing reasons, Defendants request that this Honorable Court enter an Order dismissing this case, with prejudice, as well as other sanctions that this Honorable Court deems appropriate.

Respectfully submitted,

/s/ Aaron H. Weiss, Esq.
JEFFREY A. RAMALEY, ESQUIRE
**PA I.D. # 41559**
AARON H. WEISS, ESQUIRE
**PA I.D. # 320980**
weiss@zklaw.com
Zimmer Kunz, PLLC
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
Attorneys for Defendants,
OMAR TORE and ADI SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALICE MARIE OGILVIE, et al.,  No.: 3:15-cv-00214-KRG

    Plaintiffs,

vs.

OMAR TORE, et al.,

    Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2016 a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION FOR RULE 37 SANCTIONS was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's Electronic filing system and first class U.S Mail, postage prepaid.

    Alice Maureen Ogilvie
    541 Green Spring Place
    West Palm Beach, FL 33409
    *Pro Se Plaintiff*

    Mariama Ogilvie
    Law Office of Mariama Ogilvie
    6910 Interbay Boulevard, Suite 114
    Tampa, FL 33616
    *Pro Se Plaintiff*

    */s/ Aaron H. Weiss, Esq.*
    JEFFREY A. RAMALEY, ESQUIRE
    AARON H. WEISS, ESQUIRE
    Attorneys for Defendants,
    OMAR TORE and ADI SERVICES, INC.