IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICE MAUREEN OGILVIE and <br> MARIAMA OGILVIE, <br><br> Plaintiffs, <br><br> v. <br><br> OMAR TORE and <br> ADI SERVICES, INC., <br><br> Defendants. | CIVIL NO. 3:15-214 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This matter arises from Plaintiffs' alleged injuries and damages sustained as a result of a motor vehicle accident. Presently before the Court is Defendants' Motion for Rule 37 Sanctions. (ECF No. 67.) For the reasons that follow, Defendants' Motion is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

### II. Jurisdiction and Venue

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III. Factual Background

Plaintiffs commenced this action by filing a civil complaint in the Eastern District of Pennsylvania on January 8, 2015. (ECF No. 5.) After the Honorable Judge Kearney, United States District Judge for the Eastern District of Pennsylvania, granted Plaintiffs' motion for leave

to file an amended complaint, Plaintiffs filed the First Amended Complaint (the **Complaint**) on June 5, 2015. (ECF No. 12.) Defendants filed a motion to transfer venue on August 12, 2015, and on August 17, 2015, Judge Kearney granted the motion and transferred the case to this Court, pursuant to 28 U.S.C. § 1406(a). (ECF Nos. 39, 44.)

On July 6, 2015, Defendants forwarded Interrogatories and Requests for Production of Discovery to Plaintiffs (the **Discovery Requests**). (ECF No. 47 ¶ 2.) On September 11, 2015, Defendants forwarded a letter to Plaintiffs' counsel, reminding them of the Discovery Requests. (*Id.* ¶ 3.) On October 2, 2015, after the passage of more than thirty days, and having not heard from Plaintiffs regarding the Discovery Requests, Defendants filed a motion to compel Plaintiffs' responses to the Discovery Requests (the **First Motion to Compel**). (*See* ECF No. 47.) Plaintiffs did not file any response to the First Motion to Compel, and on October 29, 2015, the Court granted the motion and ordered that Plaintiffs provide answers to the Discovery Requests within 20 days of the order. (*See* ECF No. 48.) Plaintiffs not only failed to provide responses to the Discovery Requests within the ordered 20 days, but also did not provide responses at any point thereafter. Nor did Plaintiffs file any document with the Court requesting an extension of time or explaining their failure to comply with the Court's order.

The Court scheduled and held a status conference on March 4, 2016, after noting that the case "did not appear to be moving forward" since its transfer to this district. (ECF No. 52.) At the status conference, the Court directed Defendants to re-send the Discovery Requests to Plaintiffs. (ECF No. 67 ¶ 5.) The Court determined that, given that the case had been transferred from the Eastern District of Pennsylvania to this Court, it would schedule and hold an Initial Rule 16 Conference to give the parties the opportunity to devise a mutually agreeable discovery

2

schedule. (See ECF No. 52.) After the Initial Rule 16 Conference was held on April 4, 2016, the Court issued the Initial Scheduling Order on April 5, 2016, which set July 29, 2016, as the deadline for the completion of fact discovery. (*See* ECF Nos. 61, 62.)

As of the date of this Memorandum Opinion and Order, however, Plaintiffs have failed to respond to a single discovery request. Following the status conference, Defendants sent the Discovery Requests to Plaintiffs for a second time on March 10, 2016. (ECF No. 67 ¶ 6; ECF No. 67-1 at 4-5.) Plaintiffs again did not timely respond to the Discovery Requests, so on April 11, 2016, Defendants sent to Plaintiffs a letter stating that if they did not respond to the Discovery Requests within seven days, Defendants would file a motion to compel with the Court. (*Id.* at 6.) Receiving no response, Defendants' counsel telephoned Plaintiffs on April 15, 2016, at which time Defendants' counsel was informed that the responses to the Discovery Requests would not be provided in a timely manner. (ECF No. 67 ¶ 9.) Still, however, Plaintiffs did not inform the Court of the delay or request an extension of time to respond to the Discovery Requests. Nor did Plaintiffs provide any explanation or justification for the delay. Defendants then filed a second motion to compel on April 18, 2016 (the **Second Motion to Compel**). (ECF No. 65.) Plaintiffs did not file any response to the Second Motion to Compel, and on April 27, 2016, the Court granted the Motion. The Court ordered Plaintiffs to provide full and complete discovery responses to Defendants within 20 days. (ECF No. 66.)

Plaintiffs failed to comply with the Court's order on the Second Motion to Compel, and as of the date of this Memorandum Opinion and Order, Plaintiffs have not even attempted to provide responses or file objections to the Discovery Requests. Given Plaintiffs' continued failure to comply with discovery requirements and court orders, including the order granting

3

Defendants' Second Motion to Compel, Defendants filed the instant motion on May 19, 2016, seeking sanctions in the form of dismissal of the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 37. ([ECF No. 67](#).) Defendants stated that, as of the date of the motion, over 317 days had passed since the Discovery Requests were first served on Plaintiffs. (*[Id.](#)* ¶ 13.) Moreover, Defendants stated that as of the date of the motion, Defendants had not received "a single document, e-mail, or phone call from either Plaintiff in this matter" since the Court's order on the Second Motion to Compel. (*[Id.](#)* ¶ 14.)

Plaintiffs failed to file any response to Defendants' motion for sanctions. As of the date of this Memorandum Opinion and Order, approximately one year has passed since Defendants first served the Discovery Requests on Plaintiffs in early July of 2015, more than 120 days have passed since Defendants served the Requests on Plaintiffs for a second time, and more than 60 days have passed since the Court granted Defendants' Second Motion to Compel responses to the Discovery Requests. Plaintiffs failed to file any response to either of the motions to compel or to the motion for sanctions presently before the Court, despite the fact that the instant motion was filed well over a month ago, on May 19, 2016.

**IV.    Legal Standard**

Federal Rule of Civil Procedure 37 provides that "a party may move for an order compelling disclosure or discovery." FED.R.CIV.P.37(a)(1). The Rule provides for sanctions in the event that such an order is granted, and the party from whom discovery is sought fails to comply with the court order:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

| | |
|---|---|
| (i) | directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; |
| (ii) | prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; |
| (iii) | striking pleadings in whole or in part; |
| (iv) | staying further proceedings until the order is obeyed; |
| (v) | dismissing the action or proceeding in whole or in part; |
| (vi) | rendering a default judgment against the disobedient party; or |
| (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. |

FED.R.CIV.P. (b)(2)(A).

"Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders." *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). Dismissal, however, "is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984) (internal quotations omitted).

To determine whether dismissal is warranted, the district court must weigh the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868. "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d.Cir. 2003) (citing *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.

5

1988)). The Court must, however, weigh each factor carefully "to assure that the extreme sanction of dismissal is reserved for the instances in which it is justly merited." *Id.* at 222 (internal quotations omitted). Any doubts in the analysis must be resolved in favor of adjudication on the merits. *Patel v. Patel*, 2015 WL 4391304, at *3 (E.D. Pa. July 17, 2015) (citing *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003)).

V. **Discussion**

The Court will assess each of the six relevant factors to determine whether dismissal of Plaintiffs' Complaint is an appropriate sanction in this case. As the analysis below demonstrates, the balance of the factors weighs strongly in favor of dismissal, and Defendants' motion for sanctions is therefore granted.

a. **The Extent of Plaintiffs' Personal Responsibility**

The first factor requires the Court to assess the extent to which Plaintiffs, as opposed to counsel for Plaintiffs, are responsible for the failure to comply with the Discovery Requests and court orders. *See Poulis*, 747 F.2d at 868. Plaintiffs are pro se. The Court notes, however, that Plaintiff Mariama Ogilvie is a practicing attorney and is admitted to practice in the State of New Jersey. (*See* [ECF No. 52](#).) Given that Plaintiffs represent their own interests in this case, and given that Plaintiff Mariama Ogilvie is a practicing attorney who has notified the Court of her intent to handle the filing and discovery requirements in this matter, the Court finds that Plaintiffs are solely responsible for the absolute disregard for discovery obligations and court orders. Factor one thus weighs in favor of dismissal. *See Hoffman v. Palace Entertainment*, 621 Fed.Appx. 112, 114 (3d Cir. 2015) (affirming district court's finding that the plaintiff was personally responsible for her refusals to provide discovery where the plaintiff acted pro se, and

6

upholding the district court's order dismissing the plaintiff's complaint as a sanction for failing to comply with discovery obligations); *Thomas v. Harry*, 2016 WL 2647558, at *2 (M.D. Pa. May 10, 2016) (dismissing the pro se plaintiff's complaint as a sanction for the plaintiff's neglect for various aspects of the case including the failure to answer the defendants' discovery requests).

      **b. The Prejudice to Defendants Caused by Plaintiffs' Failure to Meet Scheduling Orders and Respond to Discovery**

The second factor asks whether Defendants have been prejudiced by Plaintiffs' conduct. *See Poulis*, 747 F.2d at 868. This factor does not require a showing of "irremediable harm"; rather, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial" for this factor to weigh in favor of dismissal. *Ware*, 322 F.3d at 222.

Defendants state that they have been prejudiced by Plaintiffs' failure to respond to discovery and disregard for the Court's orders, because the information sought in the Discovery Requests is essential to defend themselves in this matter. In addition, Defendants state that they have been forced to expend additional time, effort, and financial expense to seek out discovery responses from Plaintiffs even after the Court ordered Plaintiffs' responses on multiple occasions. (ECF No. 68 at 3.)

The Court agrees that Defendants have been prejudiced by Plaintiffs' disregard for discovery obligations and court orders. In the approximately nineteen months since Plaintiffs commenced this action, Plaintiffs have not provided Defendants with any form of discovery responses, nor have they filed objections to the Discovery Requests. Plaintiffs have provided no information to Defendants that would allow them to begin preparing their defense. This factor

weighs strongly in favor of dismissal. *See Ware*, 322 F.3d at 222-23 (affirming district court's finding of prejudice when the party failed to provide timely and specific information as to damages, which required the opposing party to file two motions and impeded that party's ability to prepare a full and complete defense); *Thomas*, 2016 WL 2647558, at *2 (finding that the second *Poulis* factor weighed in favor of dismissal of the plaintiff's complaint when the plaintiff's "continued unresponsiveness and failures to comply with court orders frustrate[d] the resolution of [the] case" and prevented the defendants from "sufficiently prepar[ing] for trial").

### c. Plaintiffs' History of Dilatoriness

The third factor requires the district court to assess whether Plaintiffs have acted consistently in a manner that has delayed the litigation, or whether the conduct that resulted in delay was merely part of an isolated incident. *See Poulis*, 747 F.2d at 868. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 868, 874 (3d Cir. 1994).

There is no question that Plaintiffs' conduct in this case has been consistently dilatory. Indeed, since the case was transferred to this Court, Plaintiffs have done nothing to advance the case forward. As of the date of this Memorandum Opinion and Order, Plaintiffs have had approximately one year to provide responses to the Discovery Requests, but have failed to do so without ever filing objections to the Requests or seeking an extension of time to respond to the Requests. The Court scheduled a status conference after the case was transferred to this district, and determined that it would be appropriate to give Plaintiffs another opportunity to timely

8

respond to the Discovery Requests, even after Plaintiffs had failed to comply with the Court's order on the First Motion to Compel. (*See* ECF Nos. 48, 52.) Since that status conference, however, Plaintiffs have continued in their pattern of dilatoriness and complete disregard for court orders and the Federal Rules of Civil Procedure, and, for a second time, Plaintiffs have ignored a court order compelling their responses to Defendants' requested discovery.

In addition to consistently ignoring court orders and discovery obligations, Plaintiffs have not filed a single response to Defendants' motions to compel or motions for sanctions explaining the reasons for their dilatoriness, even though the Court has allowed Plaintiffs more than the usual number of days to file such responses. Indeed, over 40 days have now passed since Defendants filed the instant motion for sanctions, and the Court has not received any filing from Plaintiffs to explain why the motion should not be granted. As noted above, since the commencement of this action, Plaintiffs have failed to take any actions to move their case forward. Such conduct cannot be tolerated given the crowded dockets of today's district courts, and the inability of Defendants to prepare a defense in the face of such disregard for the Federal Rules of Civil Procedure and court orders. This factor weighs strongly in favor of dismissal. *See Thomas*, 2016 WL 2647558, at *2 (finding that the third *Poulis* factor weighed in favor of dismissal when the plaintiff failed to respond to requests for admissions for over two months, ignored court orders, and failed to respond to motions or explain the delinquent conduct).

    d.  **Whether Plaintiffs' Conduct Was Willful or in Bad Faith**

The fourth factor asks whether the conduct at issue was willful. *See Poulis*, 747 F.2d at 868-69. Here, Plaintiffs have not filed any responses to Defendants' motions to compel or to the instant motion for sanctions. It is impossible for the Court to gauge, therefore, whether Plaintiffs

9

have acted willfully or in bad faith, because they have provided neither Defendants nor the Court with an explanation for their failure to comply with the procedural rules and court orders. The Court has already noted that dismissal is a harsh sanction, and that district courts must resolve all doubts in the analysis in favor of adjudication on the merits. *See Patel*, 2015 WL 4391304, at *3 (citing *$8,221,877.16 in United States Currency*, 330 F.3d at 162). Given the limited record before it, the Court cannot conclude that Plaintiffs' conduct has been willful or in bad faith, and this factor therefore does not weigh in favor of dismissal.

e. **The Effectiveness of Sanctions Other Than Dismissal**

The fifth factor requires the district court to determine whether sanctions other than dismissal would be effective. *See Poulis*, 747 F.2d at 869. "When a litigant is represented by counsel, the most 'direct and therefore preferable' sanction is to impose costs caused by the delay." *Woo v. Donahoe*, 2013 WL 5636623, at *4 (E.D. Pa. Oct. 16, 2013) (quoting *Poulis*, 747 F.2d at 869). "In a pro se context, however, monetary sanctions may not be an effective alternative." *Id*. at *3 (internal quotations and citations omitted). This is because "[p]ro se plaintiffs clearly lack attorneys on whom costs could be imposed under the Federal Rules of Civil Procedure, and such plaintiffs often lack the ability to pay monetary sanctions." *Id*. (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)).

The Court finds that monetary sanctions would not be an effective alternative for precisely these reasons. Plaintiffs are pro se, and are proceeding in this matter in forma pauperis. (*See* ECF No. 4.) Based on these facts, the Court determines that the imposition of a monetary sanction is not a viable alternative to dismissal. *See Briscoe*, 538 F.3d 252, 262-63 (3d

Cir. 2008) (finding that monetary sanctions were not a viable alternative to dismissal because the plaintiff was proceeding pro se and in forma pauperis).

In addition, an alternative such as precluding Plaintiffs from producing evidence regarding issues with respect to which they did not engage in discovery would be futile, because Plaintiffs have been entirely disengaged from the discovery process. This sanction would, therefore, "be tantamount to a dismissal," because Plaintiffs would not be permitted to introduce any evidence. *Woo*, 2013 WL 5636623, at *4.

Because alternative sanctions would be either ineffective or futile, the Court concludes that dismissal is both appropriate and necessary in this case. This factor weighs in favor of dismissal.

### f. The Meritoriousness of Plaintiffs' Claims

The sixth and final factor considers whether a claim or defense appears to be meritorious. *Poulis*, 747 F.2d 863 at 869. "A claim . . . will be deemed meritorious when the allegation of the pleadings, if established at trial, would support recovery by plaintiff." *Id*. at 869-70. Here, Plaintiffs' Complaint is the only document on the record to support Plaintiffs' claims because Plaintiffs have not filed a response to any of Defendants' motions in the last ten months, including the instant motion for dismissal of the claims with prejudice. Nor have Plaintiffs produced any discovery in the approximately nineteen-month period since this case was filed. The Court thus has very little information regarding the meritoriousness of Plaintiffs' claims. Assuming that the evidence, if provided, would support Plaintiffs' claims, the Court must conclude that the claims are arguably meritorious based only on the allegations in the Complaint. ([ECF No. 12](#).)

### g. Weighing the *Poulis* Factors

In balancing the *Poulis* factors, the Third Circuit has stated that there is no "magic formula or mechanical calculation to determine" whether a plaintiff's case should be dismissed. *Briscoe*, 538 F.3d at 263 (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)) (internal quotations omitted). No single factor is dispositive, and the law does not require that all *Poulis* factors be satisfied to dismiss a complaint. *Id*.

On balance, the *Poulis* factors demonstrate that dismissal with prejudice is warranted in this case. The Court found above that it could not conclude that Plaintiffs' conduct was willful and also determined that Plaintiffs' Complaint asserts at least arguably meritorious claims. Nonetheless, the remaining four factors weigh heavily in favor of dismissal such that the balance of the *Poulis* factors warrants dismissal of Plaintiffs' Complaint. *See Huertas v. City of Philadelphia*, 139 Fed. Appx. 444, 446 (3d Cir. 2005) (affirming district court's dismissal of the plaintiff's complaint pursuant to FRCP 37 even though it had not found that the plaintiff's conduct had been willful, and had found that the plaintiff's complaint asserted arguably meritorious claims).

Plaintiffs' violations of the Federal Rules of Civil Procedure and disregard for court orders have been persistent and absolute since the inception of the case. Indeed, Plaintiffs' conduct exceeds the conduct present in other cases in which courts have determined that dismissal of the Complaint is warranted, insofar as Plaintiffs here have not provided responses that are merely deficient or vague; rather, Plaintiffs not even *attempted* to respond or object to the Discovery Requests. *See, e.g., Patel*, 2015 WL 4391304, at *1 (dismissing complaint with prejudice pursuant to FRCP 37 after the defendant filed motion arguing that the plaintiff's

responses to interrogatories were unsigned and that many of the plaintiff's answers were nonresponsive or evasive). Litigation cannot proceed without discovery, and Plaintiffs have consistently demonstrated that they will not engage in the discovery process. To permit the case to continue would be a waste of judicial resources and would only serve to further prejudice Defendants.

Recognizing that dismissal is a harsh sanction that should be used only in extreme cases, the Court concludes that this case presents a factual scenario in which the failure to comply with discovery rules and court orders warrants dismissal. Accordingly, Defendants' motion for sanctions is granted, and Plaintiffs' Complaint is dismissed with prejudice.

**VI.  Conclusion**

For the reasons stated above, Defendants' Motion for Rule 37 Sanctions is granted, and Plaintiffs' Complaint is dismissed with prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALICE MAUREEN OGILVIE and | ) | |
|---|---|---|
| MARIAMA OGILVIE, | ) | CIVIL NO. 3:15-214 |
| Plaintiffs, | ) | |
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| OMAR TORE and | ) | |
| ADI SERVICES, INC., | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this **1st** day of July, 2016, upon consideration of Defendants' Motion for Rule 37 Sanctions (ECF No. 67), and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that Defendants' Motion is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE